GRB:RPD
F. #2003R0

03-0027M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

BRUCE WERNICK,
  also known as "Bart,"
  "Userfriendly,"
  and "BJGuy,"

    Defendant.

- - - - - - - - - - - - - - - - -X

COMPLAINT AND AFFIDAVIT
IN SUPPORT OF ARREST
WARRANT APPLICATION

(T. 18, U.S.C. §§
2252A(a)(2), 2252A(a)(3)
2252A(a)(5)(B) and
2422(b))

EASTERN DISTRICT OF NEW YORK, SS:

RANDY COX, being duly sworn, deposes and says that he is a Criminal Investigator with the United States Attorney's Office for the Eastern District of New York, duly appointed according to law and acting as such.

Upon information and belief, on or about and between April 24, 2000 and September 28, 2001, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant BRUCE WERNICK, also known as "Bart," "Userfriendly," and "BJGuy," did knowingly receive and distribute child pornography that had been transported in interstate commerce by computer.

(Title 18, United States Code, Section 2252A(a)(2)).

Upon information and belief, on or about and between April 24, 2000 and September 28, 2001, both dates being approximate and inclusive, within the Eastern District of New York, the defendant BRUCE WERNICK, also known as "Bart," "Userfriendly," and "BJGuy," did knowingly reproduce child pornography for distribution in interstate commerce by computer.

(Title 18, United States Code, Section 2252A(a)(3)).

Upon information and belief, on or about and between April 24, 2000 and September 28, 2001, both dates being approximate and inclusive, within the Eastern District of New York, the defendant BRUCE WERNICK, also known as "Bart," "Userfriendly," and "BJGuy," did knowingly possess child pornography that had been transported in interstate commerce by computer.

(Title 18, United States Code, Section 2252A(a)(5)(B)).

Upon information and belief, on or about and between December 1, 1999 and September 28, 2001, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant BRUCE WERNICK, also known as "Bart," "Userfriendly," and "BJGuy," by using a facility of interstate commerce, did knowingly persuade, induce and entice individuals under the age of 18 years to engage in sexual activity for which a person could be charged with a criminal offense.

(Title 18, United States Code, Section 2422(b)).

3

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I have been a Criminal Investigator with the United States Attorney's Office for the Eastern District of New York for approximately ten months. Prior to that, I served as a Postal Inspector in the United States Postal Inspection Service for approximately fourteen years. The information contained in this affidavit is based upon my review of the evidence related to this investigation, including officer reports, victim statements, computer conversations and computer files, as well as my discussions with the police detective who headed the state investigation.

2. In August and September 2001, officers of the Suffolk County Police Department ("SCPD") conducted an investigation of a male individual (hereinafter "SUBJECT #1"). That investigation revealed that SUBJECT #1 had engaged in Internet conversations in which he offered to provide his four-year-old daughter to pedophiles seeking children to sexually abuse. In the course of the investigation, a SCPD detective had several Internet conversations with SUBJECT #1 regarding SUBJECT #1's possession of child pornography and SUBJECT #1's desire to

---

[1] Because the purpose of this affidavit is to set forth only those facts necessary to establish probable cause to arrest, I have not described all of the relevant facts and circumstances of which I am aware.

engage in sexual acts with children. At the conclusion of the investigation, the SCPD officers arrested SUBJECT #1 for sodomizing his four-year-old daughter and for possessing and distributing child pornography. SUBJECT #1 has pled guilty and is serving an 18 year sentence.

   3. In September 2001, SUBJECT #1 provided a statement to SCPD officers regarding the defendant. In that statement, SUBJECT #1 reported that he had met the defendant via the Internet, that they discussed having sex with children and that SUBJECT #1 had viewed child pornography at the defendant's house. SUBJECT #1 estimated that the defendant had between 750 and 1000 child pornography files. A subsequent search of SUBJECT #1's computer revealed communications between SUBJECT #1 and the defendant. In an interview following his arrest, SUBJECT #1's daughter stated that SUBJECT #1 brought the defendant to her house where the defendant sodomized her.

   4. On September 28, 2001, officers of the Nassau County Police Department executed a search warrant at the defendant's residence in Valley Stream. In the course of that search, the officers seized the defendant's computer. On that date, the defendant provided a statement to the officers in which he admitted trading child pornography with SUBJECT #1 via the Internet. The defendant further admitted that some of those photographs depicted SUBJECT #1's four-year-old daughter whom the

defendant had met. The defendant also stated that he had additional child pornography on his computer that he obtained via the Internet.

5. A forensic analysis of the defendant's computer revealed more than 2,500 depictions of child pornography. The computer files contained photographs as well as video clips. The scenes depict child sexual abuse including rape, bondage and torture. The children depicted range in age from toddlers to teenagers. The analysis of the computer further revealed that the defendant had received, possessed, reproduced and distributed child pornography on many occasions between April 24, 2000 and September 28, 2001.

6. The analysis of the defendant's computer also revealed hundreds of e-mail messages and conversations that the defendant had with other individuals via the Internet. In some of those conversations, the defendant stated that he was currently sexually abusing several children ranging in age from five to sixteen. In those conversations, the defendant also actively sought additional victims as young as four.

7. The defendant's Internet conversations further revealed that he had arranged sexual encounters with several teenage males under the age of 16 in the Long Island area. In interviews with law enforcement officers, three such minors reported that they met the defendant through internet chatrooms.

Those minors further reported that the defendant engaged them in sexual conversations on the Internet and, on occasion, sent them pornographic images. Those minors confirmed that they ultimately engaged in acts of oral and/or anal sodomy at the defendant's behest. One such minor reported meeting the defendant as early as December 1999.

8. Finally, the search of the defendant's computer revealed conversations he had with another male individual (hereinafter "SUBJECT #2"). In those conversations, the defendant and SUBJECT #2 discussed the defendant's sexual abuse of SUBJECT #2's five-year-old daughter. In December 2001, SUBJECT #2 provided a statement admitting that he permitted the defendant to sexually abuse his daughter.

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued for the defendant BRUCE WERNICK, also known as "Bart," "Userfriendly," and "BJGuy," so that he may be dealt with according to law.

*Randy Cox*
Randy Cox
Criminal Investigator
USAO, EDNY

Sworn to before me this
7th day of January, 2003

_____
United States Magistrate Judge
Eastern District of New York