# SALLY BUTLER
ATTORNEY AT LAW
42-40 BELL BOULEVARD
SUITE 302
BAYSIDE, NY  11361
(718) 279-4500
FACSIMILE (718) 281-0850
EMAIL SZSB@AOL.COM

July 20, 2008

Honorable Denis R. Hurley
United States District Court
P.O. Box 9014
100 Federal Plaza
Central Islip, New York 11722

Re:  **United States v. Bruce Wernick**
     **EDNY  03 CR 189**-01

Dear Judge Hurley:

    I am in receipt of the probation report prepared by U.S. Probation Officer Andrea Testa that I have reviewed and discussed with my client.  Please accept this letter as defendant Bruce Wernick's objections to the pre-sentence report.   A separate sentencing memorandum with annexed exhibits has simultaneously been sent to the Court with a copy to the government.  The sentencing memorandum and attached documents have not been electronically filed as they contain personal information including but not limited to a psychiatric report prepared in anticipation of the sentencing hearing.

    On April 15, 2005, after a trial before your honor, Mr. Wernick was found guilty by jury verdict of one count of Receipt of Child Pornography, in violation of 18 U.S.C. 2252A(a)(2)(A), one count of Distribution of Child Pornography, in violation of 18 U.S.C. 2252A(a)(2)(A), one count of Reproduction of Child Pornography in violation of 18 U.S.C. 2252A(a)(3), on count of Possession of Child Pornography in violation of 18 U.S.C. 2252A(a)(5)(B) and one count of Coercing or Enticing a Minor to Engage in Sexual Activity in violation of 18 U.S.C. 2422(b).

**Objections and Comments to the Pre-Sentence Report**

General Material Objections

Mr. Wernik objects generally to the method of presentation, and the overall bias created thereby, in the narrative. The PSR is written in such a way that it presents an impression of culpability far beyond any actual participation by Wernik. This method of preparation deprives Wernik of an objective PSR and acts to wrongly influence the Court by including inferences to conduct conducted by others that is well beyond the scope of relevant conduct permitted by Fed R.Crim. P. 32. Relevant conduct is defined in U.S.S.G. §1B1.3 (a) (1) (B) : "in the case of a jointly undertaken criminal activity ( a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense."

A defendant may be held accountable for the conduct of others only if such conduct was "in furtherance of the jointly undertaken criminal activity; and ... reasonably foreseeable in connection with *that* criminal activity (emphasis suppled)." U.S.S.G§1B1.3, Application note 2. In making this determination, a court must first determine the scope of the criminal activity the particular defendant agreed to jointly undertake.: Id. See, also, *United States v. Rizzo,* 349 F. 3d 94 (2d Cir.2003).

Here, the PSR as written is replete with conduct alleged to have been committed without any provable links to Wernik; e.g. it is our position that the computer files and logs have been manipulated to reflect out-of-sequence conversations that act to improperly color the court's perceptions; *i.e. irrelevant* conduct. None of this meets the standard of relevant conduct and must be stricken from the PSR.

It is well settled that "an accurate presentence report is crucial both to ensure the fairness of an individual defendant' sentence and to enhance the overall goal of uniformity in sentencing." see, *United States v. Palta*, 880 F. 2d 636 (2nd Cir. 1989); Fed R. Crim. P. 32 (d) (1) &(2).

Cover Page:

The charges in Suffolk County have been dismissed. The defendant objects to the inclusion on the cover page of the report of a Suffolk County Jail detainer.

**PART A. THE OFFENSE**

The Instant Offense

¶ 15.  The defendant was not involved in the activities described.  Throughout the report, the Probation Department has included criminal activities of individuals in which the defendant had limited or no association.  The inclusion of the deviant behavior of Brian McClane as contained in paragraph 15 only serves to prejudice Mr. Wernick and serves no probative value for the Court or the Bureau of Prisons.

¶ 16.  The defendant object to the inclusion of Brian McClane's alleged statement to law enforcement for multiple reasons.  First, the statement is inconsistent with the allocution of Mr. McClane at the time of his sentencing.  Second, the statement includes conduct which is attributable to McClane only and merely prejudicial to the defendant.  Third, the statement includes numerous misstatements, both generally and specifically.  In particular, Mr. Wernick denies using "User-friendly" in IRC chat rooms and Mr. Wernick denies meeting with McClane on "several" occasions.  The defendant objects to the results of the search of McClane's computer being included in his probation report.

¶ 17.  The defendant objects to the inclusion of paragraph 17.  The information contained therein is highly prejudicial and does not involve the defendant.

¶ 18.  The defendant objects to the inclusion of paragraph 18. Mr. Wernick respectfully submits the statement written by the detective is not accurate and should not be included.

¶ 19.  The defendant objects to the listing and inclusion of Brian McClane's equipment.

¶ 20.  Much of the content of this paragraph is duplicitous to Paragraph 51 and should be stricken as such.

¶ 20. through ¶ 23.  To the extent, the images and videos are outside the scope of trial evidence the defendant objects to the report.  Additionally, the defendant denies having created the videos and/or distributed the videos as reported in paragraph 23.  In deed, no video making equipment was recovered by the agents during the pendency of this case.

¶ 24.  As previously stated the inclusion of the deviant behavior attributable to Brian McClane is highly prejudicial to the defendant and serves no probative value presently.  Furthermore, the defendant objects to the inclusion of the alleged statement by Jennifer McClane, a.k.a. Jane Doe 1.  The child was not called as a witness and the defense was never given an opportunity to cross examine her.  The statement that the defendant did a "bad touch" is completely without explanation or corroboration.   Should the statement remain included in the report, the defense is entitled to a hearing on the allegation and cross examination of Jane Doe 1.

¶ 25.  As previously stated, the Suffolk County charges have been dismissed.

¶ 26. through ¶ 29.  The defendant denies any contact with Ronald Fink's children.

¶ 30.  The defendant denies "coercing" any one into having sexual relations.  The defendant objects and denies the allegations regarding the multiple John and Jane Doe's contained in paragraph 30.  Defendant submits he has a right to cross examine the witnesses against him. This right requires that the individuals named in paragraph thirty that were not called as witnesses during trial must be presented in court for the purpose of cross examination.

¶ 31. The paragraph misstates the date of June 30, 2001; the correct date of the computer check was June 30, 2000. This error is reflective of the manipulation referred to in the General Objections and illustrates the misreporting on the PSR. The actual date of June 30, 2000 was before the date of his arrest. How could authorities have obtained information of the hard drives *prior to the date of the search and seizure?* The files would necessarily have been impermissibly altered.

¶ 34. through ¶ 42.  According to the probation report, the government is alleging that Mr. Wernick engaged in illegal sexual conduct with individuals designated as John Doe 3, 4, and 5.  The defendant objects to the inclusion of these allegations in the probation report.  The Government has presented no evidence to substantiate these allegations.  In fact, at trial the government chose not to go forward with the charges involving John Doe 3 representing that he was mentally unstable.  Mr. Wernick was therefore acquitted of those charges. Furthermore, according to the PSR neither John Doe 4 nor John Doe 5 were willing to substantiate the allegations. In deed, John Doe 5 denied ever engaging in sexual activity with Mr. Wernick, see paragraph 42 of the PSR, as well as footnote 3 on page 17 of the PSR .

¶ 43. through ¶ 54.  The defendant objects to the inclusion of "Intended Victims" portion of the probation report as well as the conclusion drawn by probation that the defendant actually intended to have sexual activity with these individuals.  Apparently, probation has concluded that "intended" and "attempted" are of the same legal meaning and consequence.  They are not.  The guidelines do not support sentencing based upon the speculative evidence of an "intended victim" as defined here.  It is the defendant's position that all references including alleged conversations involving "intended victims" must be stricken from the report.

¶ 55. through ¶ 58. The defendant's objections to the "Victim Impact" statements contained in the PSR are multifaceted.  Mr. Wernick was not charged, tried or convicted of any activity involving five of the seven named "victims".  Furthermore, only John Doe 1 is alleged to have returned a victim impact statement.  To the extent the Court is inclined to issue an Order of Restitution, the defense demands a full and complete accounting pursuant to 18 U.S.C. 3664 and refers the Court to the second statement made by Mr. Yaeger.

Adjustment for Obstruction of Justice

¶ 59. The defendant objects to the proposed multiple adjustments for Obstruction of Justice. The affidavit in question was submitted to this Court in the course of a hearing. The affidavit was submitted under the legal guidance of Mr. Wernick's attorney who appears to have been the notary on the document. In retrospect, the affidavit was perhaps ill advised and possibly a demonstration of the lack of effective representation. However, the affidavit is not the type of conduct contemplated by Guidelines as warranting an Obstruction of Justice adjustment. There is simply no suggestion that this Court's determination of the issues presented during the suppression hearing was in anyway impeded by the submission of the defendant's affidavit declaring his innocence.

Additionally, the defendant objects to the manner in which the adjustment is contemplated. The conduct outlined in paragraph 59 is the same conduct alleged in paragraphs 70, 79, 86, 93, 100, 107, 114, 121, 128, and 135. The PSR improperly contemplates that the base offense level of ten separate acts be upwardly adjusted based upon the submission of this one affidavit.

**Offense Level Computations**

The defendant has been convicted of all counts of a five count indictment. Chapter Three of the guidelines provides the proper procedure for determining the offense level on multiple counts. It is the defendant's position that all five counts should be group together pursuant to 3D1.2. Additionally, the defendant objects to the sentencing calculations based upon individuals ("victims") that were not part of the counts of conviction, specifically Jane Doe 1, Jane Doe 3, and John Doe 3 through John Doe 7. See United States v. Juwa, No. 06-2716 (2nd Circuit 11/28/2007), and James v. Mukasey, No. 06-5163-ag (2nd Circuit 3/25/08).

According to Guideline 3D1.2(c), Count Five must be grouped with Counts One through Four if the specific offense characteristic 2G2.2(b)(2)(4) is appropriate as suggested in paragraph 67 of the PSR. According to 3D1.2(c) , "when one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the count," the counts shall be grouped together. The specific offense characteristic alleging the defendant engaged in pattern of activity with respect to Counts One through Four is the exact activity alleged in Count Five; thus making the grouping mandates in 3D1.2(c) applicable.

**Count One:**       **Receipt of Child Pornography**
**Count Two:**       **Distribution of Child Pornography**
**Count Three:**     **Reproduction of Child Pornography**
**Count Four:**      **Possession of Child Pornography**

¶. 61-72. Pursuant to USSG §3D1.2 and as reflected in paragraphs 61 through 72 of the PSR, Counts One through Four are grouped together to result in a Base Offense Level of 17. The defendant objects to the specific offense characteristics that increase the base offense level that were not based upon the jury verdict. The defendant, Wernick, objects to the factual allegations and proposed sentencing enhancement.

¶. 67. To that extent, the defendant objects to the inclusion of allegations involving individuals not named in the indictment nor proven at trial. Specifically, the defendant objects to paragraph 67, which alleges the defendant engaged in a "pattern of activity involving the exploitation of several minors (Jane Doe 1, Jane Doe 3, and John Doe 1 through John Doe 5)."

The Second Circuit has recently addressed this precise issue in United States v. Juwa, No. 06-2716 (2nd Circuit 11/28/2007). In the Juwa case, the district court when sentencing the defendant on one count of child pornography upwardly departed due to representations by the government that Mr. Juwa's participated in an alleged pattern of sexual conduct with minor children. The Second Circuit remanded the sentencing stating that a "sentence enhancement based solely on unproven charges in an indictment would be improper." In the present case, the advocated sentencing enhancement is based upon allegations with even less of an indicia of reliability.

A sentence enhanced based upon factual determinations not part of the trial nor determined by a jury violates Mr. Wernick's constitutional right to have a jury determine every element of a crime beyond a reasonable doubt. See Booker v. United States, 543 U.S. 220 (2005). Mr. Wernick was not charged, tried or convicted of the specific offense characteristics and adjustments now advocated by Probation. In the event that the court is inclined to accept the probation department's determinations, Mr. Wernick respectfully submits that a penalty trial is warranted in which the government must prove the allegation beyond a reasonable doubt. Should the Court reject the defendant's request for a penalty phase trial, the defendant respectfully requests a hearing to challenge any allegations that would increase the defendant's sentence.

**Count Five: Coercing and Enticing Minors to Engage in Sexual Activity**

¶ 73. As previously stated, it is the defendant's position that U.S.S.G 3D1.2(c) requires Count Five to be grouped with Counts One through Four. Additionally, as previously stated, the defendant objects to the sentencing calculations based upon individuals ("victims") that were not part of the counts of conviction, specifically Jane Doe 1, Jane Doe 3, and John Doe 3 through John Doe 7. See United States v. Juwa, No. 06-2716 (2nd Circuit 11/28/2007), and James v. Mukasey, No. 06-5163-ag (2nd Circuit 3/25/08).

As to Count Five, the defendant reiterates his objections to the proposed adjustments for Obstruction of Justice not only with regard to the factual allegations but the multiple application to each alleged counts and acts within the counts.

Count Five (Act A-Jane Doe 1)

¶ 74 - 80.  The defendant denies each and every allegation relating to Jane Doe 1. Additionally, the defendant does not admit or agree that Act A-Jane Doe 1 is a count of conviction.

Any sentence based upon allegations regarding Jane Doe 1 would be a violation of Mr. Wernick's constitutional rights.  Mr. Wernick was not charged, tried or convicted of the allegations involving Jane Doe 1.  In the event that the Court is inclined to accept the probation department's allegations, Mr. Wernick respectfully submits that a penalty trial is warranted in which the government must prove the allegation beyond a reasonable doubt. Should the Court reject the defendant's request for a penalty phase trial, the defendant respectfully requests a hearing and an opportunity cross examine the accuser and any other witness and  to call witnesses on his own behalf.

Furthermore, a guideline enhancement based upon the bare allegation that the defendant engaged in criminal sexual abuse of the minor Jane Doe 1 is not permitted.  See United States v. Juwa, No. 06-2716 (2nd Circuit 11/28/2007), and James v. Mukasey, No. 06-5163-ag (2nd Circuit 3/25/08).

Count Five (Act B- Jane Doe 3)

¶ 81-87.  The defendant denies each and every allegation relating to Jane Doe 3.  The defendant does not admit or agree that Act B-Jane Doe 3 is a count of conviction.

Any sentence based upon allegations regarding Jane Doe 3 would be a violation of Mr. Wernick's constitutional rights.  Mr. Wernick was not charged, tried or convicted of the allegations involving Jane Doe 3. In the event that the Court is inclined to accept the probation department's allegations , Mr. Wernick respectfully submits that a penalty trial is warranted in which the government must prove the allegation beyond a reasonable doubt. Should the Court reject the defendant's request for a penalty phase trial, the defendant respectfully requests a hearing affording him an opportunity cross examine the accuser and any other witness and to call witnesses on his own behalf.

Furthermore, a guideline enhancement based upon the bare allegation that the defendant engaged in criminal sexual abuse of the minor Jane Doe 3 is not permitted.  *See, Juwa and Mukasey, supra.*

Count Five (Act C-John Doe 1)

¶ 88-94. While maintaining his innocence, the defendant acknowledges Act C-John Doe 1, as a count of conviction.

The defendant object to the Adjustment for Obstruction of Justice as previously noted.

Count Five (Act D-John Doe 2)

¶ 95-101. While maintaining his innocence, the defendant acknowledges Act D-John Doe 2, as a count of conviction.

The defendant object to the Adjustment for Obstruction of Justice as previously noted.

Count Five (Act E-John Doe 3)

¶ 102-108. The defendant denies each and every allegation relating to John Doe 3. The defendant does not admit or agree that Act E-John Doe 3 is a count of conviction.

Any sentence based upon allegations regarding John Doe 3 would be a violation of Mr. Wernick's constitutional rights. Mr. Wernick was acquitted of all allegations involving John Doe 3. In the event that the Court is inclined to accept the probation department's allegations, Mr. Wernick respectfully submits that a penalty trial is warranted in which the government must prove the allegation beyond a reasonable doubt. Should the Court reject the defendant's request for a penalty phase trial, the defendant respectfully requests a hearing affording him an opportunity to cross examine the accuser and any other witness and to call witnesses on his own behalf.

Furthermore, a guideline enhancement based upon the bare allegation that the defendant engaged in criminal sexual abuse of the minor John Doe 3 is not permitted. *See, Juwa and Mukasey, supra.*

Count Five (Act F- John Doe 4)

¶ 109-115. The defendant denies each and every allegation relating to John Doe 4. The defendant does not admit or agree that Act F-John Doe 4 is a count of conviction.

Any sentence based upon allegations regarding John Doe 4 would be a violation of Mr. Wernick's constitutional rights. Mr. Wernick was not charged, tried or convicted of the allegations involving John Doe 4. As previously discussed, the individual, John Doe 4, upon questioning by the police refused to make allegations against the defendant, see PSR ¶ 39.

In the event that the Court is inclined to accept the probation department's allegations , Mr. Wernick respectfully submits that a penalty trial is warranted in which the government must prove the allegation beyond a reasonable doubt. Should the Court reject the defendant's request for a penalty phase trial, the defendant respectfully requests a hearing affording him an opportunity to cross examine the accuser and any other witness and to call witnesses on his own behalf.

Furthermore, a guideline enhancement based upon the bare allegation that the defendant engaged in criminal sexual abuse of the minor John Doe 4 is not permitted. *See, Juwa and Mukasey, supra.*

Count Five (Act G- John Doe 5)

¶ 116-122. The defendant denies each and every allegation relating to John Doe 5. The defendant does not admit or agree that Act G-John Doe 5 is a count of conviction.

Any sentence based upon allegations regarding John Doe 5 would be a violation of Mr. Wernick's constitutional rights. Mr. Wernick was not charged, tried or convicted of the allegations involving John Doe 5. As previously discussed, the individual, John Doe 5, denies any sexual contact with the defendant, see PSR ¶ 40. In the event that the court is inclined to accept the probation department's allegations , Mr. Wernick respectfully submits that a penalty trial is warranted in which the government must prove the allegation beyond a reasonable doubt. Should the Court reject the defendant's request for a penalty phase trial, the defendant respectfully requests a hearing affording him an opportunity to cross examine the accuser and any other witness and to call witnesses on his own behalf.

Furthermore, a guideline enhancement based upon the bare allegation that the defendant engaged in criminal sexual abuse of the minor John Doe 5 is not permitted *See, Juwa and Mukasey, supra.*

Count Five (Act H- John Doe 6), and
Count Five (Act I- John Doe 7)

Both John Doe 5 and John Doe 6 are defined by the PSR as an "intended victim." There is no conduct or attempted conduct alleged that permits this court to impose punishment based upon an "intended victim" as described in the PSR. The Guidelines range is determined by acts and omissions to act, not mere intentions, see U.S.S.G. §1B1.3.

.¶ 123-129. The defendant denies each and every allegation relating to John Doe 6. The defendant does not admit or agree that Act H-John Doe 6 is a count of conviction.

¶ 130-136. The defendant denies each and every allegation relating to John Doe 7. The

defendant does not admit or agree that Act I-John Doe 7 is a count of conviction.

Any sentence based upon allegations regarding John Doe 6 and/or John Doe 7 would be a violation of Mr. Wernick's constitutional rights. Mr. Wernick was not charged, tried or convicted of the allegations involving John Doe 6 and/or John Doe 7. In the event that the Court is inclined to accept the probation department's allegations, Mr. Wernick respectfully submits that a penalty trial is warranted in which the government must prove the allegation beyond a reasonable doubt. Should the Court reject the defendant's request for a penalty phase trial, the defendant respectfully requests a hearing affording him an opportunity cross examine the accusers and any other witness and to call witnesses on his own behalf.

Furthermore, an guideline enhancement based upon the bare allegation that the defendant intended to engaged in criminal sexual abuse of the minor John Doe 6 and John Doe 7 is not permitted. *See, Juwa and Mukasey, supra.*

Multiple Count Adjustment

¶137. The defendant objects to the proposed method of grouping the counts of conviction pursuant to Part D of Chapter Three of the sentencing guidelines. As previously stated, all five counts of conviction must be grouped together per Guideline 3D1.2(c). The specific offense characteristic 2G2.2(b)(2)(4) alleging the defendant engaged in a pattern of activity is the activity embodied in Count five. According to 3D1.2(c), "when one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the count," the counts shall be grouped together. Thus, making the grouping mandates in 3D1.2(c) applicable.

In further support of this position, we direct the Court's attention to its Memorandum and Order of June 24, 2004, where it recounted the government's own position that the multiple counts:

> "Were all part of a continuing plan to purse his sexual interest in children." and, 'Furthermore, if the defendant were charged solely with using the inter net to persuade, induce and entice minors to engage in sex acts, *evidence that the defendant possessed a large collection of child pornography would be admissible to establish motive and intent* (emphasis supplied)." Memorandum & Order at p.3.

¶ 138. The defendant objects to the proposed Adjusted Offense Level of 37. Should it be determined Counts One through Four should be grouped separately from Count Five, the five level adjustment for pattern of activity is improper. Moreover, defendant specifically objects to the 5 level adjustment for expectation of receiving a non-pecuniary "thing of value." 2G2.2 (b) (2) (B) and as previously outlined, the defendant objects to the Obstruction of

Justice 2 level increase. The resulting adjusted offense level should be 25.

¶ 139. ¶140. ¶ 143. ¶144. ¶145. ¶146. ¶147.   The defendant objects to the adjusted offense levels for the alleged acts that are not counts of conviction.

¶153 Total Offense Level.  The defendant objects to the PSR's proposed Total Offense Level of 41.  All counts properly grouped would result in a Total Offense Level 27 as follows:

Multiple Count Adjustment

| Counts One through Four | | Units |
|---|---|---|
| Base Offense | 17 | |
| 2G2.2(b)(1) | +2 | |
| 2G2.2(b)(3) | +4 | |
| 2G2.2(b)(5) | +2 | |
| Adjusted Offense Level ..................25 | | 1 |

Count Five

| John Doe 1 | | |
|---|---|---|
| Base Offense Level | 19 | |
| 2G1.1(b)(2)(B) | +2 | |
| 2G1.1(b))(5) | +2 | |
| Adjusted Offense Level ..................23 | | ½ |

| Count Five | | Units |
|---|---|---|
| John Doe 1 | | |
| Base Offense Level | 19 | |
| 2G1.1(b)(2)(B) | +2 | |
| 2G1.1(b))(5) | +2 | |
| Adjusted Offense Level ............  23 | | ½ |

| Total Number of Units: | 2 |
|---|---|

| | |
|---|---|
| Greater of the Adjusted Offense Levels Above: | 25 |
| Increase in Offense Level (USSG 3D1.4) (units) | 2 |
| Combined Adjusted Offense Level | 27 |
| | |
| Total Offense Level | 27 |

¶169. Defendant objects to the characterization of American Gourmet and Confection as a "candy store" and the possible implication that could be drawn from it. The business was a factory in a light industrial area of Bridgeport, CT.

## PART B. THE DEFENDANT'S CRIMINAL HISTORY

The defendant has no prior criminal history. The defendant has no pending criminal charges. The defendant objects to the inclusion of the dismissed cases in the report and request that the Court stricken ¶ 156 beginning with "Pending Charges" through ¶ 164.

## PART C.  OFFENDER CHARACTERISTICS

The purpose of this letter is to set forth the defendant's objections to the PSR. The defendant does not object to the statements contained in the section entitled "Offender's Characteristics" but reserves the right to submit to the Court a more detailed description of the defendant within the forthcoming sentencing memorandum.

## PART D: SENTENCING OPTIONS

¶ 205.  As previously stated, the defendant objects to a total offense level of 41.

¶ 210.  Court ordered restitution is governed by 18 U.S.C. 3663, 3663A and 3664. Restitution for medical and psychiatric expenses are *only* permitted when the "victim" has suffered a "bodily injury." There has been no medical findings or allegations of bodily injury to John Doe 1 and therefore a restutionary order is not proper. Furthermore, neither the government nor the probation department has provided the defendant with the proper accounting as set forth in 18 U.S.C. 3664.

¶ 211.  The Defendant consents to the forfeiture of the property listed.

¶ 216.  The Defendant objects to the total number of images proposed by the probation department to be 3,900. The number of images is significantly less. However, the Defendant agrees due to the ex post facto issue, the number of images cannot be taken into account when computing the total offense. Furthermore, the number of images cannot be used as an aggravating factor as suggested by probation as a way around the ex post facto issue.

¶ 217.  The Multiple Count adjustment determined by probation is incorrect.  A total offense level of 27 as suggested herein, adequately reflects the seriousness of the conduct underlying the counts of conviction.

                                                                Respectfully submitted,

                                                                Sally Butler

Lara Treinis Gatz, AUSA
Andrea M. Testa, USPO