```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA,
                                          MEMORANDUM AND ORDER
          -against-                         03-CR-0189 (DRH)


BRUCE WERNICK,

               Defendant.
------------------------------X
A P P E A R A N C E S:

For the Government:
    Benton J. Campbell
    United States Attorney
    Eastern District of New York
    Alfonse M. D'Amato United States Courthouse
    610 Federal Plaza
    Central Islip, New York  11722
      By: Lara Gatz, A.U.S.A.

For Defendant:
    Shaughnessy, Volzer & Gagner, P.C.
    913 M Street, N.W.
    Suite 101
    Washington, D.C.  20001
      By: Brian W. Shaughnessy, Esq.
```

HURLEY, Senior District Judge

Pending before the Court are two applications by Bruce Wernick ("Wernick" or "defendant"), to wit (1) that I "direct[] the U.S. Marshall's Service and/or BOP to transfer Mr. Wernick to a contract facility located in Queens, NY" (Shaughnessy, Esq.'s Dec. 21, 2009 Letter at 2) and (2) a request for renewed access to the computer hard drives seized from his home on September 28, 2001.  (See Dec. 14, 2009 Mem. in Supp. of Request to Review Hard Drives.)  The two requests will be addressed seriatim.

To the extent defendant is dissatisfied with the location in which he is presently being housed due to the purported limited access to counsel or otherwise, the requested

relief cannot be granted absent notice of the application being given to the appropriate administrative official and an opportunity for such official to be heard. Accordingly, that application is denied.

With respect to the second application, some background information is required to place the request in context. As a result of a jury verdict returned on April 15, 2005 following a three week trial, defendant stands convicted of receiving, distributing, reproducing, and possession of child pornography in violation of various subdivisions of § 2252A(a) of Title 18 of the United States Code and of using a facility in interstate commerce to induce minors to engage in sodomy in violation of 18 U.S.C. § 2422(b).

In seeking to review the hard drives for what would be the third time, as explained <u>infra</u>, defense counsel reports that "Wernick contends that the hard drives have been tampered with and, if that is so, the underlying facts upon which the proposed sentencing enhancements rely may be suspect."[1] (Def.'s Mem. in Supp. at 2.) "If a review of the hard drive does indicate tampering, it may be possible to establish that there is insufficient evidence to establish that Wernick acted in response to an 'expectation' where offensive materials were transmitted after only one party has made reference to the 'thing of value'

---

[1] The implicated sentencing enhancements are found in paragraphs 65 (U.S.S.G. § 2G2.2(b)(2)(B)) and 70 (U.S.S.G. § 3C1.1) of the applicable November 1, 2000 Guidelines Manual (PSR ¶ 62).

the defendant might 'expect' to receive." (Id.)  The basis for defendant's suspicion of tampering is as follows:

> In support of Wernick's contention, the Court should take note of the fact that, post trial, Wernick obtained a P.G. Lewis Co. (a forensic expert retained by Bruce Barket, Esquire – and now out of business) report that was excluded from Barket's case file. That report [, a copy of which has not been furnished to the Court,] shows 97 pages of similar first access dates[2] which would indicate tampering with Hard Drive 6. Another drive shows a last access date one day following the seizure of Wernick's computer; clearly an indication of tampering.
>
> Wernick also submits that an expert must retrieve the back-ups of the five System Registry files of Hard Drive 5, which has apparently had two "bootlog" files deleted from it, and open ICQ to review the chat disclaimers there present.
>
> . . . .
>
> Moreover, if there is a last access date after the seizure of Wernick's computer, the probability must exist that the affidavit that is the subject of the obstruction of justice enhancement is a true statement and that there was no attempted or actual obstruction.

(Id. at 2-3.)

Prior to, and during trial, defendant — notwithstanding his post-arrest September 29, 2001 admission to law enforcement that he and Brian McClane exchanged child pornography computer files with one another (Gov't's Tr. Ex. 26) — has maintained that a Trojan Horse virus was responsible for child pornography being

---

[2] By letter from defense counsel dated January 11, 2010, the Court is advised that the reference to "first access dates" should read "last access dates."

found on his computer hard drives. In that regard, the government reports, and the defense does not suggest otherwise:

> Wernick [, prior to trial,] hired a computer forensic expert from Texas who was provided with a forensic image of each of the hard drives. The expert sent the images back to the government after refusing to testify on Wernick's behalf. Wernick then hired a team of computer forensic experts from New Jersey, P.J. Lewis (a now defunct company). Thereafter, a meeting was held at the U.S. Attorney's office during which P.G. Lewis was provided with the original hard drives which they themselves utilized to make forensics images of all of the hard drives. At the conclusion of the meeting, the experts compared the original hard drives to the forensic images to insure that exact duplicates were made. This was done comparing the hash value of each original (equivalent to a DNA marker of the computer hard drive) to the forensic images. The experts left the U.S. Attorney's office agreeing that they possessed exact copies of the originals for evaluation. In addition, the experts were furnished with McClane's computer hard drive for analysis and comparison to Wernick's computer.
>
> Thereafter, mid-trial, Wernick's trial attorney advised the government and the Court that "there were [remnants] of the D.I.R.T. IRC virus on Wernick and McClane's computers [a type of Trojan Horse virus]." (Tr. at p. 380). Then, several days later, defense counsel advised the Court that the experts were incorrect as no remnants of the D.I.R.T. IRC virus were discovered on the hard drives and the prior claim was the result of "a false positive." (Tr. at 386).
>
> Thereafter, a government witness, Douglas Redman, who was qualified an expert in computer forensics, testified about the DIRT Trojan Horse virus as it related to his examination of Wernick's hard drives. Mr. Redman testified that, in essence, the child pornography on Wernick's computer was not placed there by a "Trojan Horse" and that the

-4-

> computer hard drives were not altered in any
> way. (Tr. at 1035-1043).

(Gov't's Dec. 24, 2009 Letter in Opp'n at 3-4.)

In sum, almost six years have passed since Wernick was convicted. During that time there have been numerous lengthy adjournments at the defendant's request, typically because of a change in defense counsel. Current counsel, defendant's fourth, now asks for an opportunity to review the hard drives for possible tampering, even though two experts previously hired by Wernick have reviewed the subject hard drives. In making that belated and cumulative application, no affidavit from an expert is provided explaining why, e.g., the prior forensic reviews are inadequate for present purposes, or the significance of the last access dates beyond the obvious (i.e. that someone viewed the contents of the hard drives after seizure such as members of law enforcement and defendant's forensic experts); instead I am presented with the purported views of the defendant as filtered through his counsel, and essentially nothing more. Simply put, based on the materials furnished, the application for a third review of the hard drives by the defense is denied.

Sentencing shall commence on March 19, 2010 at 1:30 p.m.

SO ORDERED.

Dated: January 29, 2010
      Central Islip, New York

                                            _____/S/_____
                                            DENIS R. HURLEY, U.S.D.J.