```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
UNITED STATES OF AMERICA,
                                          MEMORANDUM AND ORDER
          -against-                         03-CR-0189 (DRH)


BRUCE WERNICK,

               Defendant.
-------------------------------X
A P P E A R A N C E S:

For the Government:
     Benton J. Campbell
     United States Attorney
     Eastern District of New York
     Alfonse M. D'Amato United States Courthouse
     610 Federal Plaza
     Central Islip, New York  11722
        By: Lara Gatz, A.U.S.A.

For Defendant:
     Shaughnessy, Volzer & Gagner, P.C.
     913 M Street, N.W.
     Suite 101
     Washington, D.C.  20001
        By: Brian W. Shaughnessy, Esq.
```

HURLEY, Senior District Judge

Presently before the Court is a motion for by Bruce Wernick ("Wernick" or "defendant"), for reconsideration of this Court's Memorandum & Order dated January 29, 2010, which denied the defense's application for renewed access to the computer hard drives seized from his home on September 28, 2001. (Motion for Reconsideration of Review of Hard Drives, dated April 14, 2010.) The motion for reconsideration is denied and the Court adheres to its original decision.

Initially, it warrants mention that there is no specific rule, either in the Federal Rules of Criminal Procedure or in this Court's Criminal Local Rules, providing for the

reconsideration of a ruling on a criminal matter. See, e.g., United States v. James, No. 02 CR 0778, 2007 WL 914242, at *3 (E.D.N.Y. Mar. 21, 2007). However, "[w]here the Rules of Criminal Procedure do not speak specifically to a matter, a court conducting a criminal case is permitted to draw from and mirror a practice that is sanctioned by the Federal Rules of Civil Procedure." Id. (citation and internal quotation marks omitted). In that regard, Federal Rule of Criminal Procedure 57(b), which is entitled "Procedure When There Is No Controlling Law", provides in part that "[a] judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district." Fed. R. Crim. P. 57(b). "Thus, when deciding motions for reconsideration in criminal matters, courts in this district have resolved such motions according to the same principles that apply in the civil context." Id. (citations and internal quotation marks omitted).

A motion for reconsideration in a civil case is governed by Local Civil Rule 6.3 and by Federal Rule of Civil Procedure 59(e). The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or [factual] data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d

Cir. 1995). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790). Thus, a "party may not advance new facts, issues, or arguments not previously presented to the Court." Nat'l Union Fire Ins. Co. v. Stroh Cos., 265 F.3d 97, 115 (2d Cir. 2001) (quoting Polsby v. St. Martin's Press, No. 97 Civ. 690, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000)).

Defendant has failed to meet this standard. The Court notes parenthetically that, among other things, the forensic report furnished by Defendant, dated April 6, 2010 fails to satisfactorily address the Court's earlier expressed concerns, to wit (1) an explanation as to why "the prior forensic reviews are inadequate for present purposes," or (2) "the significance of the last access dates beyond the obvious (i.e. that someone viewed the contents of the hard drives after seizure such as members of law enforcement and defendant's forensic experts)." See Memorandum and Order, dated January 29, 2010, at 5. Moreover, counsel's queries in his submission on behalf of Defendant in Defendant's Motion for Reconsideration, dated April 14, 2010, do not cure these deficiencies. See Motion for Reconsideration of Review of Hard Drives, dated April 14, 2010, ¶7.

Accordingly, the motion for reconsideration is denied.

SO ORDERED.

Dated: May 11, 2010
      Central Islip, New York

                                                              _____/S/_____
                                                               DENIS R. HURLEY, U.S.D.J.