```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------X
UNITED STATES OF AMERICA,
                                         MEMORANDUM ORDER
         -against-                       03-CR-0189 (DRH)


BRUCE WERNICK,

              Defendant.
-----------------------------X
A P P E A R A N C E S:

For the Government:
    Robert L. Capers
    United States Attorney
    Eastern District of New York
    100 Federal Plaza
    Central Islip, New York 11722
      By: Lara Gatz, A.U.S.A.

For Defendant:
    Norman Trabulus, Esq
    345 Seventh Avenue
    21st Floor
    New York, New York 10001
```

HURLEY, Senior District Judge

By letter motion dated July 9, 2014, Bruce Wernick ("Wernick" or "defendant") moves for the return of seized property, to wit computer data, pursuant to Fed. R. Crim. P. 41(g).

BACKGROUND

Defendant was found guilty by jury verdict on April 15, 2005 of the receipt, distribution, possession and reproduction of child pornography in violation of various subdivisions of 18 U.S.C. § 2252A, and of coercing and enticing minors to engage in

sexual activity in violation of 18 U.S.C. § 2422. Sentence was imposed on July 2, 2010 at which time he received, inter alia, a thirty year period of incarceration.[1] On that same date, "based upon the agreement by and between the United States and the Defendant," an Order of Forfeiture ("Order") was filed. DE 189-2 at 2. In that Order, the Court decreed:

> The Defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2253, <u>all of his right, title and interest in the Forfeited Property</u> as property that constitutes: . . . property, real and personal, used or intended to be used to commit or to promote the commission of said offenses or property traceable to such property; and . . . .

<u>Id.</u> at 2-3 (emphasis added).

The items falling within the ambit of the term "Forfeited Property" are listed in the Order thusly:

> a) One Compaq Laptop Computer with power supply;
> b) One Western Digital Hard Drive;
> c) One IBM, Hard Drive;
> d) Two Generic hard drives;
> e) two CPU'S
> f) six zip disks;
> g) forty-eight (48) compact disks; and
> h) one hundred and forty seven (147) floppy computer disks.

## SPECIFIC ITEMS SOUGHT BY DEFENDANT

As explained by defendant:

> This motion seeks, with a major exception,

---

[1] On May 7, 2015, Wernick, following remand for re-sentencing, had his period of incarceration reduced to twenty-five years.

-2-

>    the return of the electronically stored
>    computer data originally contained on the
>    computers, hard drives and other data storage
>    media that were seized from Mr. Wernick upon
>    the execution of a search warrant in 2003;
>    the data is also contained within the mirror
>    images of the seized items that were created
>    by law enforcement personnel.  The exception
>    is that Mr. Wernick does <u>not</u> seek the return
>    of any still or video images or depictions.
>    That automatically excludes all contraband,
>    such as child pornography, and, beyond that,
>    obviates any need for a time-consuming
>    culling of contraband from non-contraband
>    images.  This motion does, however, seek
>    return of all other data including the return
>    of all file and folder metadata.  The name,
>    size, location, creation and access dates of
>    an image file, or a folder containing an
>    image file or files, would not be contraband,
>    even if the image of images were.
>
>    This motion does not seek return of any of
>    the seized physical objects themselves.

(Def.'s July 9, 2014 Letter in Supp. at 1-2.)

POSITION OF PARTIES

1.  <u>Defendant's Position</u>

As underscored by defendant, Fed. R. Crim. P. 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property <u>or by the deprivation of property</u> may move for the property's return."  (Def.'s July 9, 2014 Letter in Supp. at 2-3 (emphasis in original), quoting Fed. R. Crim. P. 41(g).)

Defendant does not challenge the legitimacy of the search warrant issued by the Hon. Frank A. Gulotta, Jr. of the Nassau County Court nor its execution.  Instead, the focus of his complaint is upon the government's continued retention of the

non-contraband data seized as a result of the search. Such materials, defendant posits, are outside the scope of the warrant and, accordingly, the mirror-image copies of same possessed by the government should be returned to the movant.

2. <u>Government's Position</u>

In opposing the relief requested, the government filed two letter briefs, the first dated August 14, 2014 and the second August 3, 2015. The main thrust of the 2014 submission is that defendant's application should be denied "as the requested information is <u>per se</u> contraband and because it is almost technologically impossible to return only the 'non-contraband' information." (Gov't's Aug. 14, 2014 Letter in Opp'n at 1.) The August 3, 2015 letter sets forth a different approach, to wit, that "all the property at issue was forfeited on July 2, 2010, rendering Rule 41(g) unavailable to the defendant as a vehicle by which to request return of such property." (Gov't's Aug. 3, 2015 Letter in Opp'n at 1.)

DISCUSSION

As noted, a permanent order of forfeiture was filed in July 2010. That Order is the predicate for what the Court views as the dispositive issue in the current dispute. Accordingly, the grounds advanced in the government's initial letter need not, and will not be addressed. Rather, the sole focus of this decision will be on the scope of the Order and its effect on the

-4-

relief sought.

The pivotal question is whether the Order extinguished all of defendant's right, title and interest in the physical items listed therein or only his interest in those items which were the target of the search warrant, i.e. evidence pertaining to the possession, distribution or production of child pornography in violation of Article 263 of the New York State Penal Law.
Defendant proffers it is the latter, asserting

(1) "defendant has a property interest in electronic data mirror-imaged by law enforcement from data on his computer(s)" Def.'s Sept. 16, 2015 Letter at 1 (citing United States v. Ganias, 755 F.3d 125 (2d Cir. 2014), rehearing en banc ordered, 791 F.3d 290 (2015));

(2) "[t]he Forfeiture Order entered by your Honor forfeited only 'Forfeited Property.' As defined in the Forfeiture Order's third 'whereas' clause, that comprised physical objects on a list – a computer, hard drives, CPUs, zip disks, compact disks and floppy disks," id. at 2; and

(3) [a]t Mr. Wernick's original sentencing, counsel and the court all referred to the Forfeiture Order as effecting a forfeiture of 'the computers,'" absent any mention of "computer data." Id. at 2-3.

These three points will be discussed in turn.

1. Defendant's Interest in Items Seized
   Based on the Rationale Espoused in
   United States v. Ganias

In Ganias, the defendant-appellant appealed his conviction for tax evasion on several grounds, one of which was "that his Fourth Amendment rights were violated when the Government copied three of his computer hard drives pursuant to a search warrant and then retained files beyond the scope of the warrant for more than two-and-a-half years." Ganias, 755 F.3d at 127. Towards the end of that period, the government sought and obtained another search warrant. That warrant authorized the government to inspect the retained records for suspected violations of the Internal Revenue Code by Ganias, a subject beyond the scope of the earlier warrant. And "[b]ecause Ganias had altered the original files shortly after the Army executed the 2003 warrant, the evidence obtained in 2006 would not have existed but for the Government's retention of those images." Id. at 130. The Circuit, in a decision now under review en banc, reversed the conviction concluding that the government's actions in "indefinitely retaining non-responsive computer records" under the attendant circumstances "violated Ganias's Fourth Amendment rights." Id. at 141.

Ganias provides support for the proposition advanced by defendant, to wit, that he has – prescinding for the moment from the effect of the Forfeiture Order – a continuing property

interest in the non-contraband items seized during the search. But tellingly absent from <u>Ganias</u> is the word "forfeiture" no less the existence of a forfeiture order. The effect of that absence is to convert defendant's claimed present interest in the images of the non-contraband items to a past interest as explained <u>infra</u>.

    2.   The List of "Forfeited Property" in the Forfeiture Order Does not Limit the Extent of the Forfeiture to Contraband Found on the Physical Items Recited

The Order's listing of the forfeited property was provided earlier. It includes, as defendant underscores, a series of physical objects such as a computer, hard drives and compact disks. The Order instructs that each of those specific items was "<u>involved</u> in the offenses charged in Counts One through Five of the Superseding Indictment as property that constitutes . . . property . . . used or intended to be used to commit or to promote the commission of said offenses . . . ." Forfeiture Order at 2 (emphasis added). As such, under the Order's earlier quoted broad-based "all right, title and interest" forfeiture language, it becomes apparent that defendant's efforts to limit the government's legitimately retained property to contraband found on the computer and its accessories is problematic.

Defendant's position not only runs counter to a plain reading of the relevant portions of the Order but is also out-of-

sync with the applicable statute.  Section 2253(a) of 18 U.S.C., entitled "Property subject to criminal forfeiture," mandates that a person, like Wernick, convicted of one or more designated offenses, "shall forfeit to the United States such person's interest in [, inter alia,] . . . (3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense . . . ."  18 U.S.C. § 2253(a).

Absent from both the Order and Section 2253(a) is a suggestion, no less a requirement, that the forfeited property be separated into categories based on their function and content as a precondition to title vesting in the United States.

To partially reiterate, the listing of the forfeited properties, considered in conjunction with (1) the explanation in the Order that each of those items was "involved" in the counts of conviction, and (2) the resulting court-ordered forfeiture of <u>all of the defendant's interest</u> in such items (which, of semantic necessity, includes their contents <u>in</u> <u>toto</u> and related mirror-images), is fatal to his claim that the forfeiture does not extend beyond the physical items listed per se.

Expanding the discussion beyond the terms of the Order and Section 2253(a) to include case law serves to reinforce the above conclusion.  Neither of the parties nor the Court has found a decision of the Second Circuit directly on point.  The government, however, has cited as instructive the Third Circuit's

opinion in United States v. Noyes, 557 F. App'x 125 (3d Cir. 2014). Noyes, like Wernick, was convicted of various federal sexual exploitation of children offenses. Following imposition of the statutory maximum of imprisonment, a final order of forfeiture was entered pursuant to 18 U.S.C. § 2253(a) targeting Noyes' two computers which had been used to commit the underlying wrongdoing. That order, like its counterpart here, terminated "all [of the defendant's] right, title and interest" in the subject property. Noyes, 557 F. App'x at 126. In rejecting Noyes's request for an order directing the government to return "all non-contraband data electronic files, and programs, contained on either of the forfeited computers," id. (internal quotation marks omitted), the Noyes Court explained:

> Noyes requested the return of certain files and programs contained on the forfeited computers, but the computers as a whole, including all of their files and programs, were subject to the forfeiture order. Pursuant to the criminal forfeiture statute, upon conviction of a federal child exploitation offense, the defendant shall forfeit to the United States "any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property." 18 U.S.C. § 2253(a)(3). There is nothing in the statute which indicates that only a portion of the "property" can be forfeited. See, e.g., United States v. Hull, 606 F.3d 524, 528-29 (8th Cir. 2010)(upholding a forfeiture order of real property, which included the defendant's house, as well as nineteen acres of rural land, upon a conviction of two child pornography offenses, and noting that "[o]nce

> it is established that the 'property' subject
> to forfeiture consists of the entire acreage,
> nothing in the statute allows the court to
> order forfeiture of less than this
> 'property'"). Based on these principles,
> Noyes' motion did not seek return of property
> that was not subject to the forfeiture order.

Noyes, 557 F. App'x at 127.

Wernick, as did Noyes, seeks the return of property already forfeited.[2]

Defendant has failed to furnish any case law at odds with the holding in Noyes. Instead, he maintains that the Third Circuit "mistakenly concluded that the forfeiture of computer equipment perforce effected a forfeiture [of] all the data within it." (Def.'s Sept. 16, 2015 Letter at 2.) That is so, defendant contends given their flawed reliance on United States v. Hull, 606 F.3d 524 (8th Cir. 2010).

As argued by defendant:

> Hull had upheld the forfeiture of a house
> used to distribute child pornography over the
> internet. Further, it upheld the forfeiture
> of the entire 19 acres of pasture land on
> which the house was situated, even though the
> pasture itself had not been used in
> committing the offense. Hull reasoned that
> the house and land constituted a single piece
> of property, forfeitable as a whole, so long

---

[2] If Wernick believes the Order suffers from overbreadth for not delineating between contraband and non-contraband data (in the original or cloned form), his remedy laid in objecting to the Order before its issuance, a timely motion for reargument or an appeal. None of those options was utilized. Rule 41(g) is not available as a vehicle to voice that complaint now. Cf. United States v. McNee, 2014 WL 4278845 at *1-2 (D. Utah, Central Div. Aug. 29, 2014).

> as any part had been used to commit the offense. . . .
>
> That may be so, but there is no valid analogy between, on the one hand, a house and its land, and, on the other, electronic data and a computer or storage device containing it. Electronic computer data is readily movable and severable from any device in which it may reside – completely unlike a house and land. Data may be transferred instantaneously from one to another computer or device. It may be copied so that it simultaneously resides in two or more locations. . . .
>
> A better analogy is to a house (computer) and the various items of its owner's personal property (data) contained within it, such as furniture, clothing and jewelry. These items may readily be moved around within the house, or from or into it, all at the owner's will.

(Def.'s Sept. 16, 2015 Letter at 4.)

The thought being advanced by defendant is that non-contraband computer data is not part and parcel of the property used to commit the crime – supposedly unlike the homestead in Hull – but rather a separate and distinct asset — like the family dog if the Hulls had a dog — untainted by the criminality and, thus, non-forfeitable. However, unlike the Hull's hypothetical pet or the on-site jewelry example referenced in defendant's September 16th letter, here the non-contraband data is intertwined with its contraband counterparts as previously explained. The order of forfeiture, as in Noyes, does not provide the stark line of demarcation defendant maintains must be

-12-

drawn. Instead, as in Noyes, it speaks of severing "all" of defendant's right, title and interest in the subject items regardless of their content.

In sum, defendant's effort to limit the scope of the Order to contraband is not only inconsistent with its language and with the terms of Section 2253(a) but is also contrary to the persuasive rationale set forth in Noyes.

> 3. The Terms of the July 2, 2010 Forfeiture Order Control, not the Incidental Concomitant Comments About the Order Made at the Time of Sentencing

The following comments about the Order were uttered at the sentencing:

> THE COURT: . . . . On the question of forfeiture, I think there was a preliminary order of forfeiture?
>
> MS. GATZ: The defendant agreed to forfeit the computers which was the only property seized at the time of the search warrants.
>
> THE COURT: Is that correct on the forfeiture?
>
> MR. SHAUGHNESSY: Yes.

July 2, 2010 Tr. at 384.
. . . .
> THE COURT: As indicated earlier, the issue of forfeiture has been resolved. To the extent it's agreed, there will be forfeiture of the computers in this case. The government will present a final order of forfeiture for the Court's signature after it's been reviewed by defense counsel. I assume today?

<u>Id.</u> at 422.

. . . .

    THE COURT: . . . I don't think there is anything further we have to do today with the exception of the order of forfeiture.

    MR. SHAUGHNESSY: I have no objection.

    THE COURT: I will sign it. Thank you, Mr. Shaughnessy.

    The record will note the order of forfeiture has been presented to me after being reviewed by counsel and I'm signing it and dating it today.

    That will conclude the matter. Thank you.

<u>Id.</u> at 428.

From the above record excerpts, it is evident that the defense — through prior counsel Mr. Shaughnessy — saw and approved the Order prior to its issuance although present counsel reports he "has seen neither the preliminary, nor a final, order of forfeiture." (Def.'s July 9, 2014 Letter, n.1 at p.2.) That oversight by counsel is not traceable to its purported "[non] appear[ance] on the ECF docket," <u>id.</u>, for it is listed, as earlier indicated, at DE 189-2 at 2. Parenthetically, the Order consists of one not two instruments; the preliminary order became "final and binding . . . upon the Court's 'so ordering'" the preliminary order on July 2, 2010. DE 189-2 at ¶ 7.

More importantly for present purposes, the July 2nd colloquy was obviously not meant to detail the terms of the forfeiture but rather to reflect that the defense had the

-14-

opportunity to review those terms before the Court affixed its signature. Under the circumstances, it is beyond cavil to insinuate that the failure of the Court and parties to mention "computer data" on that occasion somehow modified the terms of the Order.

CONCLUSION

For the reasons indicated, the relief requested is denied.

SO ORDERED.

Dated: December 10, 2015
      Central Islip, New York

                                    _____
                                      DENIS R. HURLEY, U.S.D.J.